May it please the court. My name is Maureen Sweeney. I represent the University of Maryland Immigration Clinic and other amici curiae arguing on behalf of the petitioner today. Just as a roadmap for our argument, I will be arguing why the Maryland Theft Statute is overbroad and not a crime involving moral turpitude under the standard that the BIA is currently using for theft offenses and moral turpitude and why this court should not defer to the BIA's current standard and should apply its traditional standard which required a permanent, an intent to permanently deprive an owner of property. Maryland's theft offense, Section 7104, is not a crime involving moral turpitude because it is a broad, consolidated statute that includes a wide range of acts and of mental states, some of which involve moral turpitude and some of which do not. I'm going to focus on three examples of ways that the statute goes beyond the board's definition of moral turpitude. Temporary borrowing type offenses where there's little or no loss of property value to the owner, theft of services, and misdelivered property. The board in Diaz-Lizarraga expanded its definition of what theft offenses constitute crimes involving moral turpitude by including temporary takings where there is a substantial erosion of property rights on the part of the owner. They did that in reference to the in reliance on the Model Penal Code's definition of deprive, of what it means to deprive somebody of property. And the Model Penal Code says that deprivation includes withholding property either with an intent to permanently deprive the owner of the property or for so extended a period as to the value of the property. Maryland's definition of deprive is similar but significantly broader and importantly broader. Maryland recognizes temporary takings where they result in the appropriation of a part of the value of the property, not a substantial part but just a part, no matter how because that makes Maryland's statute broader than the board's definition for what involves moral turpitude in a theft offense. And because the Maryland statute is nondivisible, any conduct that is punishable under the Maryland statute but does not involve moral turpitude makes it categorically not a match for a moral turpitude offense. If you have a temporary taking, how do you determine the difference between a part and a substantial part? Well, Your Honor, my co-counsel is going to argue that that is one of the reasons that there's a problematic standard, that a substantial erosion is a hard line to draw. However, what Diaz-Lizarraga talked about was actually, it actually included in the discussion and the case instances that would not involve moral turpitude. For example, joyriding or the temporary borrowing of property overnight for a party or for some other short term. Is it a measurement of time or would you look, for example, to whether or not there was damage to the property during the taking? The definition of deprived talks about a time period, so that may be part of it. But we don't need to decide that for this case because Maryland statute is so broad that it includes exactly the type of borrowing offenses that the Diaz-Lizarraga board exempted from moral turpitude. So, for example, the Hughes case, which is in our Appendix A, was essentially the joyriding of a bulldozer. Mr. Hughes borrowed a bulldozer from a construction site overnight, returned it the following morning before... I know which case you're talking about. Is it a joyride? Well, Your Honor, it's the equivalent of a joyride in an automobile. I don't know how much joy one gets from using a bulldozer, but it's a... You're saying they borrowed it overnight. They borrowed it and returned it. You don't understand the young boys. I raised two young boys, Your Honor. I do understand. They love to drive bulldozers. Exactly. And I don't know how much joy Mr. Hughes got out of it, but he was charged with theft and actually pled guilty to theft of a motor vehicle under the Maryland statute. He was charged under the Maryland, what is the equivalent of Maryland's joyriding statute, the 7104, for theft. And, in fact, he ended up pleading to the specific charge of theft of a motor vehicle. But that's a perfect case where there was no appreciable loss to the owner. The only loss was described as ordinary wear and tear because of construction. Maryland is saying stealing can include the diminishment of value of property, basically a deprivation, which is basically a permanent deprivation of the property, and immense ray of intent. And they have, I think the Jones case seems accurate in describing, accurately or not, it's a court of appeals case in Maryland, describes that statute, and this is what it says. It says, it is readily evident from the language of the consolidated theft statute, and from its underlying history that the legislature made stealing property of services of another or designated value a single criminal offense. And in common parlance, to steal property is to deprive the owner of the rights and benefits of ownership. And the argument about how much of the property, or how much of the value, doesn't seem to diminish the fact that there is immense ray of deprivation of the property interest of something. And that is basic stealing. It's just been adapted to a modern version, and by the INA, which is not much different. The board in Diaz-Lizarraga, Your Honor, was concerned about distinguishing between substantial theft offenses and de minimis theft offenses. And so that's where the substantial erosion part of the definition comes from. I understand, but we're always focusing on moral turpitude. And moral turpitude, we have said, is a violation of a crime that is also a violation of a moral norm. And stealing property, deliberate with immense ray of depriving the person of property, is a moral norm. It's been held, and the board held that too. Now parsing this out into how much is substantial and how much property interest, or what the value is substantial, the same as the diminished value, these don't advance the argument. We're looking at whether it's a moral turpitude in Maryland. Clearly, Jones says Maryland required, number one, immense ray of, number two, deprivation of property on the portion of property. And that's the whole, they summarized the statute, and that's totally consistent with what Your Honor, the board and this court have always distinguished between different theft offenses. Joyriding has never been considered a That's not a theft offense. Under Maryland Because it doesn't satisfy the, just read Jones. It's a clerk appeals case, and it's not that old. Your Honor And it describes everything you're talking about, the consolidation of the statute into one statute, bringing them all together. And they say, yet it has this one characteristic that it mocks is, immense ray of, and the declaration of owner of rights and benefits of ownership. Your Honor, a moral turpitude has always required a specific immense ray of, of intent to permanently deprive until recently. And the board walked away from that, but they only walked a certain distance away from that. They still require a substantial erosion of the property rights, which Maryland does not require. To what extent are you relying then on the statutory definition of deprived? Your Honor, we believe that it's a perfect illustration of the over breadth of the Maryland statute, because it so closely tracks what the board was arguing in D.S. Lisa Raga, but it is broader. Okay, why don't we hear from, let's see, who do we hear from next? Next would be Ms. Appelbaum. May it please the court, Adina Appelbaum on behalf of Amici Curie and the Capital Area Immigrants Rights Coalition. I'm here to argue why the court should not defer to D.S. Lisa Raga, and this court should reach this question because there are significant errors of law in the analysis of the decision, and also there's an urgent need for predictability for non-citizens and criminal defense attorneys as required under PIDEA to advise immigration consequences. If we're not going to follow the BIA in D.S., aren't we free to look at the statute and interpret it ourselves? Absolutely. And the question is, did Martinez commit a crime of moral turpitude? She had three shot-lifting crimes, and the question, is there a charge under 7104? And the Court of Appeals of Maryland has said that that is a specific intent to deprive somebody of an ownership interest in property. Now, doesn't that get close to solving the problem? I don't quite know where we're going with all these side streets when, if you agree that stealing property is a crime of moral turpitude, and I think you must, and this person was convicted of stealing under the Maryland statute, which the Court of Appeals of Maryland has said has the mens rea and the declaration, and they were interpreting the whole consolidated statute, do we go so much further to go? Your Honor, we would not agree that theft itself is categorically always a crime involving moral turpitude. That's very clear under Board precedent, even under the new revised standard of matter of D.S. Lizarraga. Well, I'm not going that far. I'm going to a crime where there's a deprivation of property with the intent to deprive the person. And what Ms. Leyva-Martinez committed is legally irrelevant under the categorical approach. It is not permissible for this Court to consider what she specifically did in this case. No, we don't. Under a categorical approach, we look at the elements of the crime, 7-104, and determine whether that is not a categorical crime, but whether it involves moral turpitude. Correct, and the hallmark... That's the statutory term, and it seems to me that the Court of Appeals in Jones v. State answered that question. Are we supposed to second-guess that case? Well, the plain text of the Maryland statute in defining intent to deprive in 7-101C defines having an alternative of permanent intent to also have upholding a part of property. We see that definition cross-referenced throughout 7-104's statute. It's still property. It's just part of the property. It's still a deprivation. With the mens rea, I mean, that doesn't address whether there's a deprivation of property. It's just the amount of property that's being deprived, because in some cases, it may be a lapse of time where the value of the property is depreciated. You've taken that car for a year, and it's gone down in value, and all of a sudden you say, well, I was going to borrow it only for a year, and the Court of the Charge will steal it. And our argument is not that theft is not reprehensible. Our argument is about the intent. And the argument has to be moral turpitude. And moral turpitude requires both... And that's a statutory term. And moral turpitude does require to have the signature element met. If I may briefly address the deference issue, I see my time is almost out. As we provided to the Court in a 28-J on November 30th, the Board, in justifying its analysis for the rule change, incorrectly analyzed the state law of every state in this circuit, including Maryland. There were 16 states that the Board grossly mischaracterized as adopting the monopenal code's definition of deprived. And that is incorrect. In fact, only a minority of states have adopted it. And this is the only reason that the Board provides for changing the standard, is what apparently more states have done, which is not true. But I thought your court counsel's argument was that even under the Board's standard, you win. That's correct. So it seems to me that maybe you're muddying the waters a little bit here. Well, our argument on deference would only be if this Court were to apply the new standard and find that Maryland's statute is a crime involving moral turpitude. And in that case, we would argue. But nevertheless, we do urge the Court to reach this question, specifically because of the clear errors of law and the need for predictability moving forward in criminal defense cases. What's the clear error on the part of the BIA? Excuse me? I'm sorry, what is the clear error? Well, the Board incorrectly claimed that 16 states in the country have adopted the monopenal code's definition of deprived. It's more expanded when that is not true, including every state in this circuit. Maryland, Virginia, North Carolina, South Carolina, West Virginia, all only speak about permanent intent to deprive. And even if it was correct that many states have adopted this, which it's not, that alone is not a reasonable reason to change the standard. The Supreme Court's recent case in Estes... Let's assume Maryland's statute was totally different from everybody else's. But we looked at the statute and we concluded that for other reasons it was a crime of moral turpitude. Well, this is not the typical categorical approach. They didn't say stealing. The statute doesn't say stealing, a categorical crime of theft. What the statute says is a crime of moral turpitude. So we take any crime that is charged in a state and determine whether it involves moral turpitude, which is an analysis that we have done in the past in our courts. And there are a lot of definitions of depraved, unable. But we have said basically it's a crime that has, in addition to the violation of the crime itself, the violation of a moral norm. And so then the only question is, is the crime of which she was convicted in Maryland involve... satisfy that definition? And the fact that every other state is different, does that help anything? What matters is the Maryland element. But I would respectfully urge the court to think about what standard you are looking at the Maryland statute with. We looked at the statute under the INA, which says if the alien has committed a crime of moral turpitude, that's the whole thing. It doesn't say a category of a crime of moral turpitude. So we have to assess the crimes of which she was committed, three theft crimes under 7104, and determine whether the violation of that statute is a crime of moral turpitude. And time and time again this court has deferred under Chevron Step 1. But we can defer. But we don't need to. You're saying, you're arguing that the DS opinion is not applicable because it's too late. So if not, then we have to apply our own interpretation. If we want to defer to the DS, I think it might be nice to defer to it, even though there's some issue of timing. Well, Your Honor, this is a case where we have 70, over 70 years of very clear, settled law from the board in this area. And that... How do they define moral turpitude? That's the question. And they do define it. Within the circumstances of theft offenses, they have defined it by requiring an intent to permanently deprive. For over 70 years, in multiple cases, it's a very clear line of what is and what is not, depending on whether intent is temporary or permanent. There is no question about where that line falls. However, now we have a new standard where the line is uncertain. Does that exclude every other crime that involves property from moral turpitude? It seems to me if it's not included in that crime that they define, there still can be other crimes that involve moral turpitude. In other words, I don't think you've got your eye on the wall of what the issue is. I see what you're saying, Your Honor. But I do think we're very clearly in the box of property offenses, of theft offenses, which is marked out in the jurisprudence of crimes involving moral turpitude. But I'm suggesting, too, there could be states that have a very complex and different set of property crimes, many of which could involve moral turpitude. See, I don't see how your argument is advancing your case today. I thought I understood it coming in, and I was with your co-counsel on her presentation, but now it seems to me you're trying to shore up your argument by trying to undermine the analysis as to what other states might be doing or not doing. I don't understand how you're helping yourself. To clarify, the argument is simply regarding the new standard being unreasonable, but even if this Court were to defer to the new standard from the Board, the Maryland statute very clearly doesn't fall under that because of including language about just withholding a part of property because of, for example, criminalizing theft of services, which don't involve property at all, and the Diaz-Lizarraga standard only speaks about deprivations of property specifically. Well, let me ask you something. If a person commits fraud in depriving a person of services or selling services that they don't intend to provide or whatever, isn't that moral turpitude? Fraud has been accepted. It's not a crime. Basically, there may be a property interest that states says, we consider services a property interest, and if you deliberately deprive somebody of services that they're expecting or whatever, can't that involve moral turpitude? That is not a question that I understand any court has decided, and I believe for that to be considered. Well, if nobody's decided, then we are free to decide it on a clean slate. Well, I would respectfully argue that the Board has not addressed that question in this case, and that would require a remand on that issue. The Board basically applied Diaz, right? That's correct. And they concluded that Diaz standard applied in this case. They did. And you're saying they were wrong in doing that, right? Well, I would note that the Board misquoted the standard from Diaz-Lizarraga in this case. They spoke about some property. They used very equivocal language. They did not use any of the language about a major part or substantial part. So even in this case, there's – So you think that the degree of property, whether it's sum or substantial, means they committed an error? How does that relate to moral turpitude? Well, it relates to the unreasonableness of the decision and that it should not even receive skidmore deference. It was a very cursory decision that articulated the new standard incorrectly, even if we were going to apply the new standard. If I may speak a little bit more about the uncertainty of this new standard. One of the only examples the Board gives of what would still not be a crime involving moral turpitude under the new standard is the example of if I stole your ring for the night for a party and gave it back that day. And then they say, well, if I give it back to you a couple years later, that would be now a crime involving moral turpitude under the new rule, even though it doesn't have an intent to permanently deprive. The problem we have is what if I give it back two days later or three days later or a year later? We don't know where the line is anymore, and this has – Doesn't it manifest as to what the nature of the intent is? In other words, I keep harping back on this, but I'm interested in knowing what you think a crime involving moral turpitude is. What do you think a crime involving moral turpitude is? Well, I think it's very clear under the law that it requires two elements, something that's reprehensible and a degree of scienter, and that there is a subcategory of analysis for theft offenses. Is that very clear? Yes. Where do you get that definition? Have you looked it up in a dictionary? Well, from this court's cases, most recently in Sotinikau, for example, that was the standard articulated for crimes involving moral turpitude. Let me see if I can – and I need to cut you off, but let me see if I can understand here. And so as I understand your argument, you're saying that under Maryland Code 7-104, there are some crimes involving moral turpitude, but there are also crimes not involving moral turpitude. That's correct. So categorically, this is not a theft offense. Essentially, that's your case, right? That's correct. And that argument is underscored by the fact that Maryland courts view the consolidated theft statute in Maryland as one single offense. For example, in the case of Rice v. State that we cited, the courts very clearly see this as one offense, and that's exactly why – What is that one offense? How do they define that one offense? Well, if you look at the – They say it's different means to commit one offense. The charging documents from the state – No, no, no. What does Maryland courts say about what that crime is? I believe it boils down to having an intent to withhold property. Right. Now, isn't that a crime of moral turpitude? Well, the – I think it depends how that's – how that is interpreted more closely in the case law and in the text of the statute. I'm talking about case law. That's the way they define it, just the way you said it. And that – the intent is – it depends on the duration of that intent, and Maryland does not specify that. It's the duration. You have intent to deprive. Whether you succeed in depriving may not – it may be another question on how much you deprive. But the specific intent is to deprive somebody of a property. That's what Maryland requires. And the deprivation of some level of property. And, Your Honor, Maryland includes in that things such as joyriding, which this court and the board have always found are not crimes involving moral turpitude. We know that Maryland charges the same conduct under 7104 as theft and under 7203 for the joyriding statute, as well as 7105, theft of a motor vehicle. The conduct is viewed the same under all of those, and Maryland's statute necessarily incorporates acts of joyriding, as we've seen in the Hughes case with the bulldozer, for example, that was returned that same night. This decision in matter of Dias-Lizarraga also did not consider the serious reliance on the old rule. Under State Farm, we know that that is a failure to consider an important aspect of the problem. We have a standard of over 70 years of clear law that has been upended. It is important to consider the reliance of criminal defendants. I understand I'm out of time, unless you have any further questions. I think, actually, Ms. Sweeney has your rebuttal, right? That's correct. Do you want to cover your rebuttal? Thank you. All right. Okay, Ms. Bayram. May I please the Court? I am Sarah Bayram, appearing on behalf of the United States Attorney General. I just want to first get to the meat of this case, which really deals with the definition of deprime and whether or not that falls into matter of Dias-Lizarraga. And then, after that, I will return to the argument about Chevron deference, and we believe that matter of Dias-Lizarraga is entitled to Chevron deference. Now, under matter of Dias-Lizarraga, they set forth two types of takings in that decision. They talk about the de minimis takings of, like, joyriding, where an owner's property rights are compromised little, if at all. And then they talk about a second type of takings, and this will all go to the discussion on deprive. They talk about a second type of takings where they call them more serious cases, in which case the property is taken, but its return damage or after its value or usefulness has been vitigated. Now, that second type of case is the types of cases where the board would say those are circumstances where there has been substantial erosion. And that substantial erosion, or excuse me, the second alternative definition of deprive, the appropriation of a part, clearly falls within that substantial erosion for three reasons. The first is that, excuse me, the first is that Maryland clearly recognizes and has specific statutes that criminalize the temporary takings, the de minimis temporary takings of joyriding. That doesn't mean that other statutes can't also cover it. I mean, a classic example would be, like, the shoplifting statutes. The shoplifting statutes, that if I put something in my purse and go out to my car in the parking lot, I can be charged with grand launches, I can be charged with concealment of merchandise. There are all sorts. What I'm saying is the existence of a more specific statute doesn't preclude charging under the general statute. I don't think that argument really applies for that reason. But what I'd like you to concentrate, and I think it would help, at least my understanding, is this definition of deprive in the statute. To what extent are you relying on that? I'm not really clear. The Maryland Code, the criminal law definition, section 7-101C that defines deprive, are you relying on that at all? Excuse me. Yes. That subsection dealing with the appropriation of a part of a value falls within the circumstances, the substantial erosion, and therefore does not make 7-104. But can you have something that's taken that's a part of the property's value, but it not be substantially eroded, like our bulldozer case, where there was no allegation that the property's value was substantially eroded, but clearly some part was taken because the owner was deprived of use of the bulldozer overnight? Well, when you have an appropriation of a part, that squarely falls within this definition because the board talks about damage or its usefulness or value being mitigated. When a portion, when a part of a value has been taken, that is essentially a temporary taking. That value is not coming back. That owner is not getting its value back. And that clearly falls within this idea of the property being damaged because the value is gone. Is that substantial erosion necessarily? Under the way that the board has distinguished between the two cases, yes, because they talk about cases where the property is taken but returned damage, or where its usefulness or value has been mitigated. And mitigated means to lessen in the amount or the quality. And again, that clearly falls within the appropriation of a part. When a part of a property's value is gone, it's permanent. It's not coming back. That property has been damaged. That owner is not going to be getting his property back in its original form. So it clearly falls. So it doesn't matter how de minimis it is under your view? Yes. And for my third reason, that the morally turpitunist nature of theft has never been defined in terms of the strict value of the property. Whether something has been stolen that is worth $3, that is the same morally turpitunist crime as a theft that's $500. But it does make a difference regarding whether it's temporary or permanent, doesn't it? The key is in substantial erosion goes to the property rights. Exactly. But what I'm asking is whether a crime of moral turpitude is in part, and I don't know the answer to this, but is in part defined by whether it is a temporary taking or a permanent taking. It seems to me that it would logically follow it would have to be an intent to permanently deprive. Because if I intend to use your glasses to make me look smarter for this argument, there's no intent to permanently deprive. I haven't substantially eroded it. You haven't really taken part in the value. Well, I have done something unlawful. Do you know what I'm saying? Yes. I'm taking your glasses without your consent. Well, under the board's definition in matter of Diaz, the erosion doesn't have to necessarily be permanent. It can be under these circumstances of substantial erosion. And substantial erosion occurs when a part of a property's value has been appropriated. That appropriation is permanent. He's not getting that value back. So in that sense it is permanent. And it also falls within the damage and the litigation of the usefulness and the value that the board also talks about. Can I ask you a question? Yeah. Is it your argument that taking, whether or not a taking is de minimis deprivation of property, is now irrelevant under the BIA's definition? When you're using de minimis, are you referring to the possession property right or the value? Either or. Yes. Because in that, under matter of Diaz-Lazaraga, that first off a de minimis value of a stolen item is irrelevant to the morally turpitunist nature. Because larceny and theft has always been defined as morally turpitunist regardless of the item's value. Whether it's $3 or $5 or $500, whether or not larceny is morally turpitunist goes to this idea that it's against the rules of morality that it's based. Excuse me. I understand that answer. Sorry to cut you off. That's okay. How about with regard to the amount of time the owner is deprived of the use of their property? Is that a factor? If it's de minimis. It can be a factor if that deprivation of time has resulted in the damage or appropriation of a part of a value. In cases where it's strictly joyriding, where you've just taken the car and you've returned back and that is just temporary taking, there's no damage, there's no usefulness, the board has said that those are de minimis takings such as joyriding. Here in Maryland, there are separate statutes for those types of cases. Is there any reason why joyriding could not be charged under Maryland 7-104? If they don't find that the intent to deprive problem is there, 7-105, which is the theft of the motor vehicle, and 7-203. My question is relating to 7-104. Is there any reason why under the statutory language of 7-104, joyriding would not constitute an offense? If it has not been shown that they did not meet the intent to deprive requirement that 7-104 requires, then yes. 7-104 permits a temporary deprivation. Does it not allow a temporary deprivation to sustain a fish? If there is an intent to deprive falling under one of these. Temporarily, yes. It seems to me, and I'm really struggling on this, it seems to me this all comes down to the issue of whether the issue of time and temporal versus permanent deprivation because there's no question that if you intend to permanently, in my mind, if you intend to permanently deprive somebody of a nickel, that's a crime of no perpetuity because you've got an intent to permanently deprive. But if you just intend to borrow something that might get you a conviction under this very general umbrella statute, it might not be a crime of no perpetuity. I would respond by saying that 7-104 isn't that much of an umbrella statute because, for example, I mentioned 7-203, which talks about unauthorized temporary takings in 7-105, which goes to motor vehicles. Neither of those statutes have an intent to deprive requirement. That's what makes it different from 7-104. If you are charged and convicted under 7-104, and the way that Maryland legislature and state courts have consistently interpreted the statute, which, of course, requires a taking and an intent to deprive. The deprive under 104 can be for a period as opposed to permanently, but the period has to result in the appropriation of part of the property's value. Exactly. And that appropriation of a part of the property's value essentially is a permanent taking because that value – It's not that portion. Yeah, that portion, yes. It is a temporary taking because that value is not going to be returned. This item is now damaged, in a sense. The value has been vitigated, as the board talks about, as in Diaz. What about the bulldozer case in Prince George's County? There was no charge there that the value had diminished. Was there? According to that Hughes case, what I recall of the evidence was just it showed the charges, that we didn't know what the final conviction was. They did charge him under 7-203, which is the temporary taking that doesn't have an intent to deprive. And 7-104. And 7-104, but it wasn't, if I recall. But the charge summary shows that they're all included. I don't recall if in the extra-record evidence, though, it shows that he was convicted of 7-104. I'm not saying he was. I'm saying he served. Yeah, of course. I mean, prosecutors can bring a litany of charges. Whether or not they stand up to conviction is a different story. But under 7-104 in the Hughes case, he was charged with theft. If the particular facts, which we don't all have here, show that he had that intent to deprive requirement consistent with 7-104, then, sure, there could be a theft under that. It would require a showing, though, that the deprivation resulted in the appropriation of part of the property's value. Either that, or it was a permanent deprivation. Well, one of those four alternatives. The only one that would be relevant would be number two, which is the period that results in appropriation of part of the property's value. Yes. If they prove that, then there would be a theft. Otherwise, it would be under 203, I guess. Yes, which doesn't have that intent to deprive requirement. As I mentioned, the state of Maryland clearly, and said that fastly for years, says that 7-104 theft requires a taking and an intent to deprive. They view it clearly as stealing under all the sections. Again, just briefly, that alternative number two and that apart, it does fall under circumstances that have been substantially eroded. What if it hasn't been substantially eroded? What if you meet the definition of a deprivation in part, under the Maryland definition section in the Maryland umbrella statute, but it doesn't rise to the level of substantial erosion? Where are we left? Well, that isn't going to happen, because if in section two an appropriation of the part of the value has been appropriated, it will fall within the circumstances. So that if I've substantially eroded the value of the contents of your wallet, if I take a nickel and then I'll just use it for a game of chance, with the intent to return it to you because I'm going to make more money. I'm going to make a lot more than that. So I return it to you. And have I substantially eroded the value of the contents of your wallet by borrowing a nickel for an hour or two? Under the way that the board has discussed it, if it is a taking where even if the property is taken temporarily, but returned damaged or after its value or usefulness, to the owner has been vitigated. So in your context of the $0.05 nickel, it is only $0.05. But perhaps in the meantime while you had possession of that $0.05, I needed it and therefore I didn't have it, therefore its value or its usefulness would have been vitigated to me. And again... Maybe yes, maybe no is your answer. And is it categorically a crime of all turpitude if the answer is maybe yes, maybe no as to substantial erosion? Well, the board talks about substantial erosion, again, as those cases where it has been damaged or the value of the usefulness has been vitigated. And the particular alternative that we're talking about, the appropriation of a part of a property's value, when that part has been appropriated, their damage has occurred. As I said, that part, that appropriation of the part is a permanent taking because that value is not coming back, that item has been damaged. And finally, the morally turpituous nature of theft has never been defined in terms of the value of the item. And when you tie the value of that item to substantial erosion, you're now saying that only certain types of theft can be morally turpituous because only those thefts that have a significant value, what is that, 500, 200, whatever number it is, and you're there by extension saying that only those thefts that have a value of that item can be theft or morally turpituous theft. And the value of the larceny is irrelevant and it always has been because what morally turpituous larceny goes to is the expectations between members of society, the morality involved. And that is independent of the value of that property. So it's never been in terms of the value. I just wanted to briefly mention theft of services quickly, which also is not overbroad. Maryland consistently has said that they view theft of services in the same way that they view theft of property. And in essence, what theft of services is, it is the intentional deprivation of the compensation that you owe the service provider. When you steal services, you intentionally take those services knowing that you do not plan on paying for those services. And when you do that, that is the intentional deprivation of the service provider's financial compensation. And that clearly falls within the definition of deprived. Finally, as I know my time is wrapping up, the board's decision in matter of Diaz-Lazaraga is entitled to Chevron deference. Larceny has been a CIMT now since at least 1931. And in Diaz-Lazaraga, in reexamining their definition of theft, they look to the model penal code, various states' legislation, and judicial opinions because they wanted to arrive at a mainstream contemporary understanding of theft. That encompasses the way most states view theft. Similarly... Actually, Maryland views theft almost identical to the model penal code. They do. A few different word changes. Right. And the real word changes is in this appropriation of the part of the value. But as we talked about, when you appropriate a part of a value that's a permanent taking, that item has been damaged. And so the board was just doing as Chevron and Brand X requires, which is that they need to, that they should reconsider the wisdom of their policies, their interpretations. And as long as they've adequately justified it and given a thorough reasoning, which they did, that their construction, their interpretation, is a permissible construction, is a permissible interpretation. And it requires Chevron deference. And just finally, if we look to theft as the aggravated felony definition just briefly, in thinking about Chevron deference, I mean, even the Congress, when instituting the theft definition under the aggravated felony statute, they looked to the way that theft was used by most states. They wanted their definition of theft to accord in the same way that most states use it. Similarly, that's what the board is doing here. They undertook this reconsideration, which they need to be doing per Chevron and Brand X and what the Supreme Court has said, and they came up with a definition that is modern and accords with the way most states have used theft. If there are no further questions. Thank you.  Ms. Sweeney. Thank you, Your Honor. The government appears to be trying to read the word substantial out of the BIA standard and keeps referring to the litigating of a part of the value. And in fact, the BIA standard is a substantial part, and ordinary rules of statutory construction require us to give that word some meaning. That's exactly the point of departure from the Maryland statute. If they were in the same statute or same code of laws, don't we have two separate? Well, Your Honor, we need to assume that if the board said substantial erosion, they mean something more than just any erosion. Perhaps they do. And so that's the point I'm trying to make is that the word is there for a reason. Because I understand their argument. They're one and the same. A part is the same as a substantial. Yes, and I would disagree with that, Your Honor. If you look at the argument from Diaz-Lizarraga, they take from the model penal code the definition that says a period, a substantial portion of the economic value has to be lost. Also, the case that was issued that same day with Diaz-Lizarraga dealt with a New York statute. This is a matter of obey. And in that case, the statute required that the temporary taking be for so extended a period under circumstances that the major portion of the economic value be lost. So if you look in that context, it is clear that the BIA is requiring something more than just any loss. It has to be substantial, it has to be a substantial portion, or it has to be the major portion, which I would argue sounds like more than half of the value. Maryland's statute is clearly broader than that. And while it does define theft, which is an illegal act, it does not rise to the level of the reprehensible act that is required by this court and by the board to find a crime involving oral turpitude. A question I guess neither party really agreed to. If your argument is clear today, and we can't find that Maryland is close enough to the definition of theft that the board gives to you, then we conclude that this was not within the theft that the board had in mind. But then don't we still have to ask whether this statute involved oral turpitude? That is the larger question, Your Honor. Yes. But the board actually found in its decision that it was a theft offense. You have to stay with my hypothetical, that we're going with you. But then we're still interpreting the statute, and so the question is if we were to conclude that Maryland's violation of Maryland's statute involves oral turpitude, what do we do? Your Honor, I would say that beyond this question of theft, or beyond the question of the definition of deprivation, let's assume they're defining it differently. I want to keep that clear that you're observing that question, because we're questioning pretty close words here. Let's assume they define it differently than the board's category of theft that they use. But yet we conclude that this Maryland statute involves oral turpitude. Well, Your Honor, that is the intent to deprive a person of a part of the property. I notice that my time is out, I guess. I'm going to ask a question. That is the larger question in front of the court. Does it involve oral turpitude? My question is what do we do? Well, if you find that the minimum conduct that's punished by the statute involves oral turpitude, then you would find it to be categorically Every violation of the statute, we would have to conclude every violation of the statute based on the elements of the statute involve oral turpitude. What do we do then? If you find that, then you find it a crime involving oral turpitude. You would lose, would you not? Yes. You're going to lose unless some of the conduct defined under the statute is not a crime involving oral turpitude. Yes, Your Honor, which is why the joyriding and the temporary takings are important because the board itself has found that they do not involve oral turpitude. Thank you.
judges: Paul V. Niemeyer, William B. Traxler Jr., Barbara Milano Keenan